## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DERRICK BRYANT,
     Plaintiff,

     v.

MERIDEN POLICE DEPARTMENT,
ET AL.,
     Defendants.

No. 3:13-cv-449 (SRU)

## CONFERENCE MEMORANDUM AND ORDER

On February 2, 2016, I held a pretrial conference on the record with counsel for the

plaintiff, Derrick Bryant, and counsel for the defendants, the Meriden Police Department and

several Meriden police officers.  The purpose of the conference was to discuss my pretrial

procedures and resolve the pending motions in limine (docs. # 98-100).  During the conference,

it became apparent that there was a risk that the case would not be able to be tried within the time

period that I had set aside for trial.  Accordingly, I set a new trial schedule: jury selection is set

for April 8, 2016, at 9:00 a.m.; trial will begin on April 20, 2016 at 9:00 a.m.  Trial will be held

on April 20th and 21st, and will resume on April 25th.

In addition to resetting the trial schedule, I heard argument and ruled on the pending

motions in limine.  I ruled as follows:

(1)     Defendants' motion to preclude the testimony of Desiree Jiminez and her video

recording of the alleged incident (doc. # 98) is granted in part, denied in part.  Defendants'

motion, insofar as it moves to preclude Jiminez's testimony, is denied without prejudice.  At this

point, the parties have been unable to locate Jiminez, which has resulted in defendants' inability

to take her deposition prior to trial.  Because Jiminez is not a party witness, Bryant has no

obligation to make her available for a deposition.  However, should Bryant become aware of her

location prior to trial, he is obligated to inform the defendants of her whereabouts so that they can have an opportunity to depose her.

I denied defendants' motion to preclude the admission of a cellphone video taken by Jiminez, subject to someone being able to testify to its authenticity. The video may be properly authenticated by anyone who can testify to the fact that it depicted the events as they occurred on the date that is the subject of the instant dispute. *Klevelend v. United States*, 345 F.2d 134, 137 (2d Cir. 1965).

I granted defendants' motion to the extent it seeks to exclude statements made on the video by non-defendant witnesses. Accordingly, the video must be redacted in order to remove any audio recording that includes statements from people other than the defendants.

(2)     Defendants' motion to exclude portions of Bryant's medical records (doc. # 99) is granted in part, denied in part. Statements such as "beaten" and "assaulted" are inadmissible hearsay statements, not subject to the Federal Rule of Evidence 803(4) hearsay exception because such statements attribute fault and are not made for the purposes of medical treatment or diagnosis. To the extent that they could be seen as admissible under Rule 803(4), they are still inadmissible because the risk of unfair prejudice caused by their admission outweighs their probative value. Fed. R. Evid. 403. That said, statements made by Bryant indicating that he was struck with the butt of a gun, tased, and struck with "fists, knees, and feet," are admissible as statements for the purpose of medical diagnosis and treatment. Finally, I held that statements in the medical records made by persons other than Bryant are inadmissible hearsay, not subject to an exception.

(3)     Defendants' motion to exclude evidence of other police misconduct or the fact that Officer Palmer resigned after the events at issue (doc. # 100) is granted. I held that such

evidence falls within the scope of impermissible character evidence under Rule 404(b) and accordingly is inadmissible.

In addition to ruling on above motions, I heard argument regarding the parties' objections to the proposed exhibits.  With regard to defendants' objection regarding the use of the confidential informant's name in Exhibit 17, I ordered the parties to redact the informant's name and replace it with the informant's identification number, CI-295.  The parties agreed that, in order to preserve the anonymity of the informant, the informant would be referred to as CI-295 throughout the case.  With respect to the other objections raised, I took the matters under advisement.  I instructed the parties to renew their objections on the morning before the opposing party intends to offer an exhibit subject to an objection.

It is so ordered.

Dated at Bridgeport, Connecticut, this 4th day of February 2016.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge