17-1039-cv
*Bryant v. Meriden Police Department*

# In the
# United States Court of Appeals
# For the Second Circuit

AUGUST TERM, 2017

ARGUED: FEBRUARY 22, 2018
DECIDED: MAY 16, 2018

No. 17-1039-cv

DERRICK BRYANT,

*Plaintiff-Appellee,*

v.

KENNETH EGAN, Officer, JOHN SLEZAK, Officer, in their individual and official capacities,

*Defendants-Appellants,*

DEXTON PALMER, Officer, JOHN CEREJO, Officer, MICHAEL MERRIGAN, Detective, ROBERT PEKRUL, Detective, EVAN COSSETTE, Officer, JOHN DOE, Officer, (1-5), JEFFRY W. COSSETTE, Chief, in their individual and official capacities, CITY OF MERIDEN , MERIDEN POLICE DEPARTMENT

*Defendants.*[*]

Appeal from the United States District Court
for the District of Connecticut.
No. 13-cv-449 – Stefan R. Underhill, *District Judge.*

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Before: KEARSE, CALABRESI, and LIVINGSTON, *Circuit Judges.*

Defendants-Appellants Kenneth Egan and John Slezak, officers of the Meriden Police Department, appeal from a March 31, 2017 order of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*). The order granted a new trial on claims that Slezak unlawfully tased Plaintiff-Appellee Derrick Bryant and that Egan unlawfully failed to intervene. The officers seek interlocutory review based upon qualified immunity. Because the issues before us turn on disputed facts, we **DISMISS** the appeal for lack of jurisdiction.

>James N. Tallberg
>Patrick D. Allen
>Karsten & Tallberg, LLC
>Rocky Hill, Connecticut
>*for Defendants-Appellants*

CALABRESI, *Circuit Judge*:

On April 2, 2013, Derrick Bryant brought suit against, *inter alia*, Officers Kenneth Egan and John Slezak of the Meriden Police Department, alleging that they had used excessive force against him in violation of the Fourth Amendment. After a trial was held and the jury returned a verdict in favor of the officers, Bryant moved for a new trial under Federal Rule of Civil Procedure 59. On March 31, 2017, the district court granted Bryant's motion in part. It held the jury's finding—that the force used against Bryant inside a holding cell was permissible—to be

2

against the weight of the evidence. Egan and Slezak now bring an interlocutory appeal from the district court's order of a new trial. Because the issues before us turn on disputed facts, we dismiss the appeal for lack of jurisdiction.

I.

On March 9, 2011, members of the Meriden Police Department arrested Bryant as part of a "buy-and-bust" drug operation. Bryant had been a passenger in a car driven by a friend when the car pulled into a liquor store parking lot. After a monitored police informant entered the car, Meriden police officers surrounded the vehicle and ordered everyone out of it.

The parties give conflicting accounts as to whether Bryant complied. All parties agree, however, that a struggle soon broke out, during which Detective John Cerejo punched Bryant multiple times. During the arrest, Bryant's pants fell below his knees, exposing his genitals. Cerejo later testified that, in the course of the struggle, Bryant unsuccessfully attempted to insert a bag of crack cocaine into his anal cavity. According to Cerejo, Bryant managed to lodge the bag only between the cheeks of his buttocks.

Following his arrest, Bryant was held in a cell at the Meriden Police Department. His hands were cuffed in front of his body and a "spit mask" was

placed over his face. During Bryant's confinement, a closed-circuit video recorded multiple officers walking in and out of his cell, speaking to him, and trying to search him. The parties contest what exactly this video shows; we describe only what is evident. About five minutes into the video, Officer Slezak approached Bryant, who was being restrained against the wall by Officer Egan. Slezak, who was carrying a taser, testified at trial that he had brought the device for safety reasons and to encourage Bryant to submit to a controlled strip search. The recording shows Slezak bringing the taser close to Bryant. The parties, however, dispute whether Bryant was tased at that time.

About a minute later, the recording shows Bryant standing against the cell wall, flanked by Egan and Slezak. Slezak testified that he then observed Bryant "make a sudden movement to his groin area," JA 463, at which point Egan quickly brought Bryant down to the floor. Egan testified that "as [he] took Mr. Bryant to the ground, Officer Slezak . . . applied the Taser." JA 400. At the same time, two other members of the police department rushed into the cell. As Bryant was on the ground—with his pants down—the officers recovered a bag of crack cocaine.

4

## II.

On January 19, 2014, Bryant filed an amended complaint in the United States District Court for the District of Connecticut. He brought claims under 42 U.S.C. § 1983 and state law against seven Meriden Police Department officers, including Egan and Slezak. Bryant alleged, *inter alia*, that the officers a) had subjected him to excessive force and an unreasonable strip search at the scene of his arrest; b) had unlawfully penetrated his anal cavity when searching him in the holding cell; and c) had gratuitously tased him multiple times while he was kept in the holding cell. Bryant also brought a *Monell* claim against the City of Meriden and its chief of police, asserting that they had failed to implement policies and procedures to prevent violations like those he had suffered.[1] *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

On February 27, 2015, the defendants sought partial summary judgment on Bryant's *Monell* claim and on a subset of his claims against individual officers. They declined to seek summary judgment on Bryant's § 1983 claims against Egan and Slezak, conceding that there were "disputed issues of fact which preclude[d] summary judgment" on those claims. Defs.' Mem. of Law in Supp. of Mot. to

---

[1] In his original complaint, Bryant had brought a *Monell* claim against the Meriden Police Department; this was dropped in his amended complaint.

Dismiss and/or for Partial Summ. J. 34. On June 29, 2015, the district court granted the officers' motion in part. It awarded summary judgment on the *Monell* claim and dismissed one of the officers from the case. The claims against the remaining six officers proceeded to trial.

Trial began on April 20, 2016. At trial, the officers' account of the arrest and detention differed starkly from Bryant's. The officers asserted that their use of force against Bryant during his arrest was justified by his non-compliance. While they acknowledged that Bryant's pants fell during the arrest, they stated that this was not the result of a strip search but of Bryant's own efforts to hide the bag of crack cocaine. This bag, they contended, was lodged between the cheeks of Bryant's buttocks, where it remained until the officers conducted a lawful strip search—not an unlawful cavity search—in the holding cell. Moreover, they asserted, it was Bryant's resistance to this lawful holding cell search that justified Slezak's *single* use of the taser.

After Bryant rested his case-in-chief, the officers moved for judgment as a matter of law (JMOL) pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The district court granted the motion with respect to two of the officers, but reserved decision as to Bryant's claims against Slezak, Egan, and two other

6

officers. At the close of evidence, the officers filed a renewed JMOL motion under Rule 50(b), which the district court took under advisement pending the jury's verdict. Bryant did not make a JMOL motion at any point during the trial.

On April 28, 2016, the jury found for the remaining officers in all respects. The district court then denied the officers' renewed JMOL motion as moot.

Subsequently, Bryant made his own JMOL motion under Rule 50; in the alternative, he also moved for a new trial under Rule 59. On March 31, 2017, the district court denied Bryant's JMOL motion on the grounds that he had failed to make such a motion at the close of evidence, as required by Rule 50.

It also denied much of Bryant's motion for a new trial. It upheld the jury verdict in favor of the two officers other than Slezak and Egan. The court concluded that a jury could have reasonably determined that, at the scene of his arrest, Bryant was not subjected to excessive force and a strip search. Likewise, the jury was free to believe the officers' testimony that no cavity search had occurred in the holding cell. But the court concluded it was against the weight of the evidence for the jury to have found that "Bryant's Fourth Amendment rights were not violated when he was tased." *Bryant v. Meriden Police Dep't*, No. 3:13-cv-449 (SRU), 2017 WL 1217090, at *15 (D. Conn. Mar. 31, 2017). And, on that basis, the

7

court ordered a new trial as to whether Slezak's use of the taser was excessive and whether Egan unlawfully failed to intervene.

Slezak and Egan now appeal. They argue that the district court erred in finding that the jury's verdict was against the weight of the evidence and that qualified immunity should shield them from a new trial.[2]

### III.

This Court "may generally hear appeals only from 'final decisions' of the district court." *Coollick v. Hughes*, 699 F.3d 211, 217 (2d Cir. 2012) (quoting 28 U.S.C. § 1291). Because the grant of a new trial under Rule 59 is not a final decision, it is typically not appealable. *See Ortiz-Del Valle v. N.B.A.*, 190 F.3d 598, 599 (2d Cir. 1999) (per curiam). Thus, insofar as Slezak and Egan argue that the district court erred in finding the jury's verdict to be against the weight of the evidence, we lack jurisdiction to hear their appeal.

An interlocutory denial of qualified immunity is, however, immediately appealable when the underlying issues raise only questions of law. *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). This is because qualified immunity offers "*immunity from suit* rather than a mere defense to liability." *Id.* Accordingly, an

---

[2] Bryant also cross-appealed. Because his counsel, Josephine S. Miller, failed to file a brief, his appeal was dismissed.

important entitlement would be "effectively lost if a case [were] erroneously permitted to go to trial." *Id.*

Typically, an interlocutory appeal based on the denial of qualified immunity is brought *before* trial. *See Britt v. Garcia*, 457 F.3d 264, 271 (2d Cir. 2006). Although hearing such an appeal following trial, as here, is unusual, "this unusual posture does not affect the viability of the qualified immunity defense." *Id.* Since another trial would implicate interests protected by qualified immunity, the grant of a motion for a new trial may still be immediately appealable. But, once again, that will be so only if the denial of qualified immunity turns solely on issues of law. *See State Emp. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 82 (2d Cir. 2007).

That is not the situation before us. Where, as here, "a factual determination is a necessary predicate to the resolution of whether . . . immunity is a bar, review is postponed and we dismiss the appeal." *Id.* (internal quotation marks omitted) (alteration in original).

Before trial, factual questions precluded a determination that Slezak and Egan were entitled to qualified immunity. And, as to the issues before us, that remains the case here. When determining whether factual questions remain on a post-trial claim, this Court may look to the undisputed facts adduced at trial and

9

to any factual issues resolved by the trial. *See, e.g.*, *Britt*, 457 F.3d at 271-72; *Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994). But in this case, the officers concede that "[n]early every fact material to [Bryant's] Fourth Amendment claims, including [his claim] premised on the Taser use, was disputed by the parties at trial." Defs.-Appellants' Br. 5. And given the district court's conclusion that the jury's verdict—with respect to Slezak's tasering and Egan's failure to intervene—was against the weight of the evidence, that verdict no longer resolves those factual disputes. *See Aczel v. Labonia*, 271 F. App'x 73, 75 (2d Cir. 2008) (summary order) ("Once the district court rejected the jury's verdict on excessive force and qualified immunity, the verdict form no longer resolved disputed factual issues").

Fundamentally, then, this case is not in a meaningfully different posture than it was prior to trial, where the officers acknowledged that a finding of qualified immunity would have been premature. It remains premature now.

The appeal is accordingly **DISMISSED** for lack of jurisdiction.